TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00712-CR






Alejandro Ramirez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR99-021, HONORABLE DON B. MORGAN, JUDGE PRESIDING






 Alejandro Ramirez appeals from his conviction for possession of a firearm by a
felon. See Tex. Penal Code Ann. § 46.04 (West 1994). Before a trial on the merits, Ramirez
filed a motion to suppress statements he allegedly made on the night of the offense. In a single
point of error, Ramirez argues that the trial court erred in admitting his confession by failing to
determine if the police officers scrupulously honored his right to remain silent as required by
Miranda v. Arizona, 384 U.S. 436, 478-79 (1966). We overrule the point of error and affirm the
trial court's judgment.


FACTUAL BACKGROUND

 On August 8, 1998, Southwest Texas State University Police Officer David
Campbell stopped a vehicle for failing to stop at a blinking red light. Ramirez was a passenger
in the front seat. As he spoke with the driver, Campbell noticed two unopened bottles of beer
between the two rear passengers and asked whether any of the occupants were twenty-one. When
Ramirez answered that he was, Campbell walked to the passenger side and asked Ramirez to step
out of the vehicle and show some identification. After Ramirez gave Campbell a prison
identification card and got out of the car, Campbell looked through the open door and saw a gun
in plain view on the floorboard of Ramirez's seat.

 Campbell testified that to secure the situation, he drew his service revolver, pointed
it at Ramirez and the other occupants, and instructed them not to move. Campbell and a second
officer handcuffed Ramirez and the other three individuals, read them their Miranda rights, and
began to question them regarding ownership of the gun. Initially, they all denied owning the gun,
but at the urging of the others Ramirez admitted that the gun was his. Campbell then arrested
Ramirez. As the sole witness at the hearing on the motion to suppress, Campbell testified that
Ramirez never invoked his right to silence. Ramirez did not offer controverting evidence at the
hearing but did at the trial on the merits.

 In an indictment filed on January 6, 1999, Ramirez was charged with the offense
of intentional and knowing possession of a firearm before his five-year anniversary of release from
community supervision following the conviction of a felony. See Tex. Penal Code Ann. § 46.04. 
Ramirez filed a motion to suppress oral statements before trial, alleging that any statements were
(1) products of a custodial interrogation, and (2) involuntarily made after he had asserted the right
to silence, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States
Constitution and article I, section 10 of the Texas Constitution. See U.S. Const. amends. V, VI,
XIV; Tex. Const. art. I, § 10. The trial court held a hearing before the trial and denied the motion
to suppress. Ramirez appeals that ruling.

 In his sole point of error, Ramirez argues that the trial court erred by failing to hold
a Mosley hearing regarding the motion to suppress. See Michigan v. Mosley, 423 U.S. 96, 104
(1975) (reviewing all of the facts and circumstances to determine whether the suspect's assertion
of the right to silence was respected by law enforcement officers); Maestas v. State, 987 S.W.2d
59, 62 (Tex. Crim. App.), cert. denied, 528 U.S. 834 (1999) (stating that Mosley requires courts
to examine the facts on a case-by-case basis to determine whether the police officer honored the
suspect's right to terminate questioning).


STANDARD OF REVIEW

 The appropriate standard for reviewing a trial court's ruling on a motion to suppress
evidence has recently been clarified: as a general rule, appellate courts should give almost total
deference to the trial court's determination of the historical facts that the record supports,
especially when the trial court's fact findings are based on evaluations of credibility and demeanor. 
Hollingsworth v. State, 15 S.W.3d 586, 591 (Tex. App.--Austin 2000, no pet.). At a hearing on
a motion to suppress, the trial court is the sole trier of fact and judge of the witnesses' credibility
and the weight to be given their testimony. McGee v. State, 23 S.W.3d 156, 161 (Tex.
App.--Houston [14th Dist.] 2000, no pet.). The trial judge may choose to believe or disbelieve
any or all of a witness's testimony. Id.

 In the instant case, Campbell was the sole witness at the hearing on the motion to
suppress. Ramirez presented no evidence, although in closing he argued that the questioning
constituted a custodial interrogation. Thus, Campbell's testimony regarding the facts that led to
Ramirez's admissions and arrest was uncontroverted. Because the dispositive facts were
uncontroverted and there is no indication that the trial court did not believe Campbell's testimony,
this case presents an issue of the proper application of law to the facts, which is to be reviewed
de novo. State v. Ross, 32 S.W.3d 853, 858 (Tex. Crim. App. 2000). We therefore review the
trial court's decision to apply the law to the undisputed facts under a de novo standard. 


DISCUSSION

 Ramirez contends that the trial court erred because it failed to analyze the
circumstances that led to his admissions in the context of factors deemed relevant in Mosley.(1) See
Mosley, 423 U.S. at 104-05. In that case, Mosley was arrested on charges of robbery(2) and
brought to the police department where he was advised of his Miranda rights. A police detective
began questioning him regarding a robbery but stopped when Mosley refused to respond. Later
in the day, another detective questioned him about a homicide after explaining his Miranda rights. 
During this questioning, Mosley incriminated himself in the murder.

 At issue before the Supreme Court was whether the later questioning of Mosley,
which occurred after he had invoked his right to silence at the first interrogation, rendered the
statement inadmissible under Miranda. The Court concluded that admissibility turns on whether,
once a suspect in custody indicates his right to remain silent, the police "scrupulously honor" his
right to terminate the interrogation. Id. at 104. The Court, after an examination of the
circumstances surrounding Mosley's admission, concluded that the detectives had honored his
right to remain silent. Id. The circumstances did not indicate that the police refused to end the
interrogation upon Mosley's request or that they persisted in trying to wear down Mosley's
resistance so that he would decide to talk. Id. at 105-06. Rather, "the police here immediately
ceased the interrogation, resumed questioning only after the passage of a significant period of time
and the provision of a fresh set of warnings, and restricted the second interrogation to a crime that
had not been a subject of the earlier interrogation." Id. at 106.

 The Mosley Court's review of all of the facts and circumstances to determine
whether a suspect's Miranda rights have been violated has been followed by the Texas Court of
Criminal Appeals in determining the admissibility of statements made during custody. See
Maestas, 987 S.W.2d at 62. Texas courts have recognized, however, that the need for a Mosley
review depends on resolution of the threshold question of whether the suspect invoked his right
to silence. See Edwards v. State, 956 S.W.2d 687, 689 (Tex. App.--Texarkana 1997, no pet.)
(noting that although Mosley dictates that once the right to silence has been invoked the
interrogation must cease, the threshold question is whether the suspect in fact invoked the right
to silence); see also Watson v. State, 762 S.W.2d 591, 597 (Tex. Crim. App. 1988) (stating that
"[t]he important question herein is whether the appellant invoked his constitutional right to remain
silent").

 In Edwards, the suspect was arrested on a warrant, read his Miranda rights, and
questioned regarding a fatal robbery. Edwards, 956 S.W.2d at 689. Edwards denied participation
in or knowledge of the incident, and the police ceased questioning him. After conferring privately
with his girlfriend, Edwards invited the police back into the interview room and having been read
his Miranda rights a second time, confessed to his involvement in the crimes. The court, citing
Mosley, agreed that police violate a suspect's rights if they persist in questioning a suspect once
he or she has invoked the right to remain silent. Id. The court concluded, however, that Edwards
failed to satisfy the threshold question: did the suspect in fact assert his right to silence? Id. The
suspect's denial of his participation in the crimes during the first interview did not constitute an
assertion of the right to silence, nor was there any other evidence in the record that the suspect had
invoked his right to silence. Id. Because the court found that Edwards had not invoked his right
to silence at the first interview, a Mosley hearing was not required.(3) See id.

 Similarly, the record in the instant case does not disclose any evidence before the
trial court at the motion to suppress hearing that Ramirez invoked his right to silence. While
Ramirez later testified at trial that he had invoked the right, this testimony does not go to the
admissibility of the statements as determined at the pre-trial hearing. The uncontroverted
testimony of the State's sole witness was that Ramirez never asserted his right to silence before
admitting that he owned the gun. As Ramirez points out, the invocation of one's Miranda rights
can be manifested informally by anything said or done that could reasonably be interpreted as a
desire to invoke one's rights. See Watson, 762 S.W.2d at 597. Nonetheless, Ramirez offered no
evidence at the hearing that he asserted his right to silence and thus, the trial court was under no
obligation to review the Mosley factors.(4) Therefore, we overrule Ramirez's point of error and
affirm the trial court.


CONCLUSION

 We hold that it was not error for the trial court to admit into evidence at trial
Ramirez's admission of ownership made after the initial traffic stop. We overrule this point of
error and affirm the trial court's judgment of conviction.



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: February 28, 2001

Publish


1. As interpreted by the Texas Court of Criminal Appeals, the relevant Mosley factors are as
follows: (1) whether the suspect was informed of his right to remain silent prior to the initial
questioning, (2) whether the suspect was informed of his right to remain silent prior to the
subsequent questioning, (3) the length of time between initial questioning and subsequent
questioning, (4) whether the subsequent questioning focused on a different crime, and (5) whether
police honored the suspect's initial invocation of the right to remain silent. Maestas v. State, 987
S.W.2d 59, 62 (Tex. Crim. App.), cert. denied, 528 U.S. 834 (1999).
2. The police had received a tip that implicated Mosley and three others in several robberies
and Mosley in a murder.
3. The court added in dicta that even if Edwards had invoked his right to silence, the police
honored it by ceasing the interrogation after only ten minutes and by resuming it only at Edwards's
request. Edwards v. State, 956 S.W.2d 687, 689-90 (Tex. App.--Texarkana 1997, no pet.).
4. As our review of the suppression hearing disposes of the threshold issue of whether Ramirez
invoked his right to silence, we need not address Ramirez's contention that he was subjected to
a custodial interrogation or the State's argument that Ramirez waived his objection to evidence
offered at trial regarding his admission that he owned the gun. For the same reason we do not
address Ramirez's argument that the entire interrogation occurred after he was read his Miranda
rights, as he makes this argument in the context of the Mosley factors.


e); see also Watson v. State, 762 S.W.2d 591, 597 (Tex. Crim. App. 1988) (stating that
"[t]he important question herein is whether the appellant invoked his constitutional right to remain
silent").

 In Edwards, the suspect was arrested on a warrant, read his Miranda rights, and
questioned regarding a fatal robbery. Edwards, 956 S.W.2d at 689. Edwards denied participation
in or knowledge of the incident, and the police ceased questioning him. After conferring privately
with his girlfriend, Edwards invited the police back into the interview room and having been read
his Miranda rights a s